UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EDWIN OTERO

v.  C.A. NO. 09-511 S

OFFICER MARK DENNES ET AL.

## REPORT AND RECOMMENDATION

On October 22, 2009, plaintiff, Edwin Otero, *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint pursuant to 42 U.S.C. § 1983 ("§ 1983") (the "Complaint") (Docket # 1). On the first page of the Complaint, plaintiff Otero lists three additional inmates as plaintiffs; however, as the allegations in the Complaint refer only to actions related to Otero, and Otero is the only person who signed the Complaint, Otero should be deemed the sole plaintiff in this matter. Plaintiff names as defendants: ACI Correctional Officers Mark Dennes and Officer Deonardo as well as Rhode Island Department of Corrections Director Ashbel T. Wall, Assistant Director Nancy Bailey, and Warden James Weeden. Plaintiff has been granted leave to proceed *in forma pauperis* in this action (Docket # 5). Accordingly, pursuant to 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have screened the Complaint. As discussed below, having found that certain claims in the Complaint fail to state claims upon which relief may be granted, I have prepared this Report and Recommendation recommending dismissal of the same.

## BACKGROUND

The following background is alleged in the Complaint. Plaintiff alleges that on a day in June 2009, Officers Dennes and Deonardo took him out of his cell and brought him to another cell wherer it was dark. He alleges they required him to strip down to his t-shirt, and then handcuffed him. He further alleges that the officers then started punching and kicking him until he passed out. Plaintiff also alleges that he woke up with bruises on his ribs, neck, and chest, and his urine was red. He alleges that other correctional officers refused his request to see the nurse and to give him grievance forms, but instead kept him locked in his cell "to hide what they did to [him]." Finally, plaintiff alleges that after another inmate wrote for help on his behalf to Wall, Weeden, and Bailey, all they did was tell him to go through the chain of command.

1

## DISCUSSION

**I.     Screening Under § 1915(e)(2) and § 1915A**

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, *inter alia,* fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss the complaint, or any portion thereof, for reasons identical to those set forth in § 1915(e)(2). 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on a 12(b)(6) motion. *See Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I., June 30, 2008). In making this determination, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A claim fails to state a claim for which relief may be granted if the factual allegations fail to "raise [plaintiff's] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); *see also Iqbal,* 129 S.Ct. at 1949-1951 (discussing the plausibility requirement); Fed.R.Civ.P. 8(a)(2).

**II.     Legal Standard Under § 1983**

In order to maintain a § 1983 action, the conduct complained of must have (1) been committed by a person acting under color of state law and (2) deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, although defendants were acting under state law, plaintiff's claims are reviewed to determine if they allege facts indicating that defendants deprived him of a constitutional or federal statutory right.

**III.     Review of Claims**

    **A.     Eighth Amendment Excessive Force and Failure to Protect Claims**

To state an Eighth Amendment claim for the use of excessive force, an inmate must demonstrate "unnecessary and wanton infliction of pain." *Whitley v. Abers*, 475 U.S. 312, 319,

106 S.Ct. 1078 (1986)(citations omitted). The primary inquiry in determining whether a prison official used excessive physical force turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6, 112 S.Ct. 995 (1992)(citations omitted). Here, plaintiff alleges that Dennes and Deonardo beat him until he passed out and that he suffered multiple bruises as well as discolored urine as a result of the attack. Accordingly, plaintiff has stated an Eighth Amendment claim for relief at this stage of the proceedings against these two officers.

**B.  Supervisory Liability**

Plaintiff also names Director Wall, Assistant Director Bailey, and Warden Weeden, presumably because, in their roles as ACI supervisors, rather than ensuring plaintiff obtained proper medical care after he was beaten and grievance forms to complain about the beating, they told him to go through the chain of command. In a § 1983 action, only direct, rather than vicarious, liability is available. *See Aponte Matos v. Toledo Davila*, 135 F.3d 182, 192 (1st Cir. 1998). At a minimum, to support a claim of supervisory liability, a plaintiff must plead facts indicating "an affirmative link between the behavior of the subordinate and the action or inaction of his supervisor ... such that the supervisor's conduct led inexorably to the constitutional violation." *Maldonado v. Fontanes*, 568 F.3d 263, 275 (1st Cir. 2009)(citations and internal quotations omitted); *see also Iqbal*, 129 S.C.t at 1949 (implying "purpose rather than knowledge" is required to impose supervisory liability in a § 1983 action). Here, statements that Wall, Bailey, and Weeden responded to plaintiff's request for help by telling plaintiff he should go through the chain of command fall short of alleging the affirmative link necessary to state a claim against them. Therefore, I recommend the claims against Wall, Bailey, and Weeden be dismissed for failure to state a claim on which relief may be granted.

## CONCLUSION

As discussed above, I find that the Complaint states a claim against Officers Dennes and Deonardo for an Eighth Amendment violation. However, I find that the Complaint fails to state a claim on which relief may be granted against Wall, Bailey, and Weeden. Accordingly, I recommend that plaintiff's claims against these three defendants be dismissed and that Wall, Bailey, and Weeden be dismissed as defendants in this action.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

/s/ Jacob Hagopian
Jacob Hagopian
Senior United States Magistrate Judge
December 8, 2009